**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| KRISTIA BRANDYBERRY<br>1855 Riverside Drive<br>Sidney, Ohio 45365,<br><br>    Plaintiff,<br><br>  v.<br><br>AIRSTREAM, INC.<br>1001 West Pike Street<br>Jackson Center, Ohio 45334,<br><br>  <u>Serve Also:</u><br><br>  AIRSTREAM, INC.<br>  c/o CT Corporation System<br>  Registered Agent<br>  4400 Easton Commons Way<br>  Suite 125<br>  Columbus, Ohio 43219,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

  Plaintiff, Kristia Brandyberry, by and through undersigned counsel, states and avers the following for the Complaint against the Defendant, Airstream, Inc.:

**PARTIES**

1. Brandyberry is a resident of the City of Sidney, County of Shelby, State of Ohio.

2. Airstream, Inc. ("Airstream") is a foreign corporation which conducts business at 1001 West Pike Street, Jackson Center, Ohio 45334.

3. Airstream was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. 126 § 12101 *et seq*.

4. Airstream was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C. § 2601 *et seq*.

## JURISDICTION AND VENUE

5. All of the material events alleged in this Complaint occurred in Shelby County.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Brandyberry is alleging a Federal Law Claim under The Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.* and The Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

7. This Court has supplemental jurisdiction over Brandyberry's state law claims pursuant to 28 U.S.C. § 1367 as Brandyberry's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Brandyberry filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2025-00124 against Airstream ("Brandyberry EEOC Charge").

10. Brandyberry dually filed the Brandyberry EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

11. On or about December 3, 2024, the EEOC issued a Notice of Right to Sue letter to Brandyberry regarding the Brandyberry EEOC Charge.

12. Brandyberry received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1).

13. Brandyberry has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. Brandyberry has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

**FACTS**

15. Brandyberry is a former employee of Airstream.

16. Brandyberry was hired by Airstream on or about April 8, 2021.

17. Brandyberry was employed by Airstream in the position of woodshop worker.

18. Airstream was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

19. At all times relevant herein, Brandyberry was employed by Airstream for at least 12 months and had at least 1,250 hours of service with Airstream and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

20. In or around August 2023, Brandyberry was diagnosed chronic migraines. ("Brandyberry's Disability")

21. Brandyberry's Disability affects the neurological body system.

22. Brandyberry's Disability is a physical impairment.

23. Brandyberry's Disability is severe enough to have caused and continue to cause Brandyberry to physically collapse, resulting in serious falls, head gashes, concussions, and other subsidiary injuries associated with falling.

24. Brandyberry's Disability substantially limits one or more major life activities, such as working in the sun and heat, working, moving, walking, running, sleeping, and standing.

25. Brandyberry has a record of Brandyberry's Disability.

3

26. As a result of Brandyberry's Disability, Brandyberry is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

27. Brandyberry disclosed Brandyberry's Disability to Airstream.

28. In the alternative, Airstream perceived Brandyberry as being disabled.

29. In the alternative, Airstream perceived Brandyberry's Disability to substantially impair one or more major life activities, including working.

30. Despite this actual or perceived disabling condition, Brandyberry was still able to perform the essential functions of Brandyberry job.

31. In or around August 2023, Brandyberry requested intermittent FMLA leave in order to deal with flair ups of Brandyberry's Disability.

32. Brandyberry properly filled out the paperwork for intermittent FMLA leave.

33. Brandyberry repeatedly utilized intermittent FMLA leave.

34. In or around November or December 2023, Brandyberry requested light duty as a reasonable accommodation for Brandyberry's Disability from supervisor Clay Crane and human resources generalist Kayla Lawrence ("Brandyberry's First Accommodation Request").

35. Brandyberry's Accommodation Request would not cause Airstream an undue hardship.

36. Before denying Brandyberry's Accommodation Request, Airstream did not determine whether Brandyberry's Accommodation Request would cause Airstream an undue hardship.

37. Airstream have no contemporaneously created documents reflecting any effort to determine whether Brandyberry's Accommodation Request would cause an undue hardship.

38. Before denying Brandyberry's Accommodation Request, Airstream did not determine the cost of Brandyberry's Accommodation Request.

39. Airstream have no contemporaneously created documents reflecting any effort to determine the cost of Brandyberry's Accommodation Request.

40. Before denying Brandyberry's Accommodation Request, Airstream did not determine the cost of providing any accommodation besides Brandyberry's Accommodation Request.

41. Airstream have no contemporaneously created documents reflecting any effort to determine the cost of providing any accommodation besides Brandyberry's Accommodation Request.

42. Airstream did not seek outside funding to cover the cost of any undue financial hardship.

43. Airstream have no contemporaneously created documents reflecting any effort to seek outside funding to cover the cost of any undue financial hardship.

44. Alternatively, Airstream did not offer Brandyberry the opportunity to pay for any financial hardship that would result from Brandyberry's Accommodation Request.

45. Brandyberry's Accommodation Request was reasonable.

46. Airstream did not engage in any conversation with Brandyberry for any alternative options for Brandyberry's Accommodation Request.

47. In response to Brandyberry's Accommodation Request, Airstream failed to participate in any interactive process.

48. Airstream denied Brandyberry's Accommodation Request.

49. Airstream did not provide Brandyberry's Accommodation Request.

50. Airstream did not provide Brandyberry with an alternative accommodation in response to Brandyberry's Accommodation Request.

51. Airstream did not provide Brandyberry with the opportunity to pay for any undue financial burden for a disability accommodation.

52. Airstream could have provided light duty as a reasonable accommodation.

53. Airstream have provided light duty to employees prior to Brandyberry's Accommodation Request.

54. Airstream did not provide Brandyberry with light duty.

55. During Brandyberry's employment, Airstream never explained to Brandyberry why the Accommodation Request was denied.

56. Alternatively, during Brandyberry's employment, Airstream only explanation to Brandyberry regarding why the Accommodation Request was denied was to say that Airstream did not have any accommodation available.

57. Brandyberry's doctor recommended putting Brandyberry on both continuous FMLA leave and short-term disability leave so that Brandyberry could receive more intensive treatment and medical evaluation.

58. In or around March 2024, Brandyberry requested both continuous FMLA leave and short-term disability leave as a reasonable accommodation for Brandyberry's Disability from Lawrence ("Brandyberry's Second Accommodation Request").

59. Brandyberry was still able to fulfill all essential job duties at the time of Brandyberry's Second Accommodation Request, but needed the continuous FMLA leave and short-term disability leave in order to get the more intensive treatment and medical evaluation.

60. Brandyberry's Second Accommodation Request would not cause Airstream an undue hardship.

61. Before denying Brandyberry's Second Accommodation Request, Airstream did not determine whether Brandyberry's Second Accommodation Request would cause Airstream an undue hardship.

62. Airstream have no contemporaneously created documents reflecting any effort to determine whether Brandyberry's Second Accommodation Request would cause an undue hardship.

63. Before denying Brandyberry's Second Accommodation Request, Airstream did not determine the cost of Brandyberry's Second Accommodation Request.

64. Airstream have no contemporaneously created documents reflecting any effort to determine the cost of Brandyberry's Second Accommodation Request.

65. Before denying Brandyberry's Second Accommodation Request, Airstream did not determine the cost of providing any accommodation besides Brandyberry's Second Accommodation Request.

66. Airstream have no contemporaneously created documents reflecting any effort to determine the cost of providing any accommodation besides Brandyberry's Second Accommodation Request.

67. Airstream did not seek outside funding to cover the cost of any undue financial hardship.

68. Airstream have no contemporaneously created documents reflecting any effort to seek outside funding to cover the cost of any undue financial hardship.

69. Alternatively, Airstream did not offer Brandyberry the opportunity to pay for any financial hardship that would result from Brandyberry's Second Accommodation Request.

70. Brandyberry's Second Accommodation Request was reasonable.

71. Airstream did not engage in any conversation with Brandyberry for any alternative options for Brandyberry's Second Accommodation Request.

72. In response to Brandyberry's Second Accommodation Request, Airstream failed to participate in any interactive process.

73. Airstream denied Brandyberry's Second Accommodation Request.

74. Airstream did not provide Brandyberry's Second Accommodation Request.

75. Airstream did not provide Brandyberry with an alternative accommodation in response to Brandyberry's Second Accommodation Request.

76. Airstream did not provide Brandyberry with the opportunity to pay for any undue financial burden for a disability accommodation.

77. Airstream could have provided time off as a reasonable accommodation.

78. Airstream have provided time off to employees prior to Brandyberry's Second Accommodation Request.

79. Airstream did not provide Brandyberry with time off.

80. During Brandyberry's employment, Airstream never explained to Brandyberry why the Accommodation Request was denied.

81. Alternatively, during Brandyberry's employment, Airstream only explanation to Brandyberry regarding why Brandyberry's Second Accommodation Request was denied was to say that Airstream did not have any accommodation available.

82. In or around the later half of March 2024, Brandyberry reached out to Lawrence for assistance with filing for continuous FMLA leave and Brandyberry's Second Accommodation Request.

83. In or around the later half of March 2024, Lawrence told Brandyberry that Brandyberry did not have to file any more paperwork to apply for continuous FMLA leave ("FMLA Interference").

84. Lawrence was lying to Brandyberry during the FMLA Interference in an attempt to cause Brandyberry to miss a filing deadline.

85. Airstream terminated Brandyberry's employment on April 4, 2024. ("Termination")

86. Airstream has a progressive disciplinary policy. ("Disciplinary Policy")

87. Airstream used the Disciplinary Policy.

88. Airstream used the Disciplinary Policy for employees who are not disabled.

89. Airstream used the Disciplinary Policy for employees who did not file for FMLA leave.

90. Airstream used the Disciplinary Policy for employees who did not request reasonable accommodations for a disability.

91. Brandyberry had not been given a final written warning.

92. Brandyberry had not been given a suspension.

93. Prior to terminating Brandyberry, Airstream never issued any written communication criticizing Brandyberry for any reason.

94. Airstream's termination of Brandyberry's employment was retaliation for Brandyberry taking FMLA leave.

95. Airstream terminated Brandyberry's employment because of Brandyberry's Disability.

96. Airstream terminated Brandyberry's employment because of Brandyberry's requests for FMLA leave.

97. Airstream terminated Brandyberry's employment because of Brandyberry's First Accommodation Request.

98. Airstream terminated Brandyberry's employment because of Brandyberry's Second Accommodation Request.

99. The Termination constitutes retaliation.

100. The Termination constitutes disability discrimination.

101. Airstream knowingly skipped progressive disciplinary steps in terminating Brandyberry's employment.

102. Airstream knowingly terminated Brandyberry's employment.

103. Airstream knowingly took adverse employment actions against Brandyberry.

104. Airstream knowingly took adverse actions against Brandyberry.

105. Airstream intentionally skipped progressive disciplinary steps in terminating Brandyberry.

106. Airstream intentionally terminated Brandyberry's employment.

107. Airstream intentionally took adverse employment actions against Brandyberry.

108. Airstream intentionally took adverse actions against Brandyberry.

109. Airstream knew that skipping progressive disciplinary steps in terminating Brandyberry would cause Brandyberry harm.

110. Airstream knew that terminating Brandyberry would cause Brandyberry harm.

111. Airstream willfully skipped progressive disciplinary steps in terminating Brandyberry.

112. Airstream willfully terminated Brandyberry's employment.

113. There was a causal connection between Brandyberry's Disability and the Termination.

114. There was a causal connection between Brandyberry's FMLA request and the Termination.

115. There was a causal connection between Brandyberry's First Accommodation Request and the Termination.

116. There was a causal connection between Brandyberry's Second Accommodation Request and the Termination.

### COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS
**(As Against Defendant Airstream, Inc.)**

117. As a result of Airstream's unlawful acts, Brandyberry has suffered and will continue to suffer harm.

118. Brandyberry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

10

119. At all times during her employment at Airstream, Brandyberry was qualified for her position.

120. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

121. Airstream is a covered employer under FMLA.

122. During her employment, Brandyberry qualified for FMLA leave.

123. During her employment, Brandyberry attempted to request FMLA leave by asking Airstream if Brandyberry was qualified to take FMLA leave.

124. Airstream failed to properly advise Brandyberry of her rights under FMLA.

125. Airstream unlawfully interfered with Brandyberry's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

126. Airstream violated section 825.300(c)(1) of FMLA and interfered with Brandyberry's FMLA rights when Airstream did not honor Brandyberry's approved use of FMLA leave.

127. As a direct and proximate result of Airstream's conduct, Brandyberry is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: RETALIATION IN VIOLATION OF FMLA
### (As Against Defendant Airstream, Inc.)

128. Brandyberry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

129. At all times during her employment at Airstream, Brandyberry was qualified for her position.

130. During her employment, Brandyberry utilized FMLA leave.

131. After Brandyberry utilized her qualified FMLA leave, Airstream retaliated against her.

132. Airstream retaliated against Brandyberry by terminating his/her employment.

133. Airstream willfully retaliated against Brandyberry in violation of 29 U.S.C. § 2615(a).

134. As a direct and proximate result of Airstream's wrongful conduct, Brandyberry is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

**COUNT III: DISABILITY DISCRIMINATION UNDER 42 U.S.C. § 12101 *et seq.***
**(As Against Defendant Airstream, Inc.)**

135. Brandyberry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

136. At all times during her employment at Airstream, Brandyberry was qualified for her position.

137. Airstream treated Brandyberry differently than other similarly-situated employees based on her disabling condition.

138. Airstream treated Brandyberry differently than other similarly-situated employees based on her perceived disabling condition.

139. On or about April 4, 2024, Airstream terminated Brandyberry's employment without just cause.

140. Airstream terminated Brandyberry's employment based on her disability.

141. Airstream terminated Brandyberry's employment based on her perceived disability.

142. Airstream violated 42 U.S.C. § 12101 *et seq.* when it discharged Brandyberry based on her disability.

143. Airstream violated 42 U.S.C. § 12101 *et seq.* when it discharged Brandyberry based on her perceived disability.

144. Airstream violated 42 U.S.C. § 12101 *et seq.* by discriminating against Brandyberry based on her disabling condition.

145. Airstream violated 42 U.S.C. § 12101 *et seq.* by discriminating against Brandyberry based on her perceived disabling condition.

146. As a direct and proximate result of Airstream's conduct, Brandyberry suffered and will continue to suffer damages.

### COUNT IV: FAILURE TO ACCOMMODATE UNDER 42 U.S.C. § 12101 *et seq.*
### (As Against Defendant Airstream, Inc.)

147. Brandyberry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

148. Brandyberry informed Airstream of her disabling condition.

149. Brandyberry requested accommodations from Airstream to assist with her disabilities including light duty and short term disability leave.

150. Brandyberry's requested accommodations were reasonable.

151. There was an accommodation available that would have been effective and would have not posed an undue hardship to Airstream.

152. Airstream failed to engage in the interactive process of determining whether Brandyberry needed an accommodation.

153. Airstream failed to provide an accommodation.

154. Airstream violated 42 U.S.C. § 12101 *et seq.* by failing to provide Brandyberry a reasonable accommodation.

155. As a direct and proximate result of Airstream's conduct, Brandyberry suffered and will continue to suffer damages.

### COUNT V: DISABILITY DISCRIMINATION UNDER R.C. § 4112.02
### (As Against Defendant Airstream, Inc.)

156. Brandyberry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

157. At all times during her employment at Airstream, Brandyberry was qualified for her position.

158. Airstream treated Brandyberry differently than other similarly-situated employees based on her disabling condition.

159. Airstream treated Brandyberry differently than other similarly-situated employees based on her perceived disabling condition.

160. On or about April 4, 2024, Airstream terminated Brandyberry's employment without just cause.

161. Airstream terminated Brandyberry's employment based on her disability.

162. Airstream terminated Brandyberry's employment based on her perceived disability.

163. Airstream violated R.C. § 4112.02 when it discharged Brandyberry based on her disability.

164. Airstream violated R.C. § 4112.02 when it discharged Brandyberry based on her perceived disability.

165. Airstream violated R.C. § 4112.02 by discriminating against Brandyberry based on her disabling condition.

166. Airstream violated R.C. § 4112.02 by discriminating against Brandyberry based on her perceived disabling condition.

167. As a direct and proximate result of Airstream's conduct, Brandyberry suffered and will continue to suffer damages.

### COUNT VI: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*
**(As Against Defendant Airstream, Inc.)**

168. Brandyberry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

169. Brandyberry informed Airstream of her disabling condition.

170. Brandyberry requested accommodations from Airstream to assist with her disabilities including light duty and short term disability leave.

171. Brandyberry's requested accommodations were reasonable.

172. There was an accommodation available that would have been effective and would have not posed an undue hardship to Airstream.

173. Airstream failed to engage in the interactive process of determining whether Brandyberry needed an accommodation.

174. Airstream failed to provide an accommodation.

175. Airstream violated R.C. § 4112.02 by failing to provide Brandyberry a reasonable accommodation.

176. As a direct and proximate result of Airstream's conduct, Brandyberry suffered and will continue to suffer damages.

### COUNT VII:  RETALIATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*
### (As Against Defendant Airstream, Inc.)

177. Brandyberry restates each and every prior paragraph of this complaint, as if it were fully restated herein.

178. At all times during her employment at Airstream, Brandyberry was qualified for her position.

179. As a result of Airstream's discriminatory conduct described above, Brandyberry complained about the disability discrimination Brandyberry was experiencing.

180. Airstream's actions were retaliatory in nature based on Brandyberry's opposition to the unlawful discriminatory conduct.

181. Pursuant to 42 U.S.C. § 12101 *et seq.*, it is an unlawful discriminatory practice to retaliate against someone for making a report of discrimination.

182. As a direct and proximate result of Airstream's conduct, Brandyberry suffered and will continue to suffer damages.

## COUNT VIII: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)\
### (As Against Defendant Airstream, Inc.)

183. Brandyberry restates each and every prior paragraph of this complaint, as if it were fully restated herein.

184. At all times during her employment at Airstream, Brandyberry was qualified for her position.

185. As a result of Airstream's discriminatory conduct described above, Brandyberry complained about the disability discrimination Brandyberry was experiencing.

186. Airstream's actions were retaliatory in nature based on Brandyberry's opposition to the unlawful discriminatory conduct.

187. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

188. As a direct and proximate result of Airstream's conduct, Brandyberry suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Kristia Brandyberry demands from Defendant Airstream the following:

(a) Issue a permanent injunction:

    (i) Requiring Airstream to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly

      investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against Defendant of compensatory and monetary damages to compensate Brandyberry for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Brandyberry's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                                                      Respectfully submitted,

                                                      Trisha M. Breedlove (0095852)
                                                      David Kramer (0102366)
                                                      **SPITZ, THE EMPLOYEE'S LAW FIRM**
                                                      1103 Schrock Road, Suite 307
                                                      Columbus, Ohio 43229
                                                      Phone: (614) 556-4288
                                                      Fax: (216) 291-5744
                                                      Email: trisha.breedlove@spitzlawfirm.com
                                                                  david.kramer@spitzlawfirm.com

                                                     *Attorneys For Plaintiff Kristia Brandyberry*

## JURY DEMAND

Plaintiff Kristia Brandyberry demands a trial by jury by the maximum number of jurors permitted.

_____
Trisha M. Breedlove (0095852)
David Kramer (0102366)